**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0750, <u>In the Matter of Maureen Murgo and Marc Murgo</u>, the court on October 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We vacate and remand.

The petitioner, Maureen Murgo (mother), appeals an order of the Circuit Court (<u>Cross</u>, R., approved by <u>Steckowych</u>, J.), reducing the child support obligation owed by the respondent, Marc Murgo (father), from the amount prescribed by the child support guidelines based upon the parties' shared parenting schedule.  <u>See</u> RSA 458-C:5, I(h)(2) (Supp. 2019).  The mother argues that the trial court erred in deviating from the guidelines because it failed to properly analyze the factors under RSA 458-C:5, I(h)(2)(A)-(C).

We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law.  <u>In the Matter of Silva and Silva</u>, 171 N.H. 1, 4 (2018).  When we determine whether a ruling is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment.  <u>Id</u>.

There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support.  <u>Id</u>.; RSA 458-C:4, II (2018).  This presumption may be overcome, and the trial court may deviate from the guidelines, when a party shows by a preponderance of the evidence that the application of the guidelines would be "unjust or inappropriate," RSA 458-C:4, II, because of "[s]pecial circumstances," RSA 458-C:5, I (Supp. 2019); <u>Silva</u>, 171 N.H. at 4.  If the trial court deviates from the guidelines, it must "make written findings as to why a special circumstance pursuant to RSA 458-C:5 justifies an adjustment from the child support guidelines to avoid an unjust or inappropriate result."  <u>Silva</u>, 171 N.H. at 4 (quotation omitted); <u>see</u> RSA 458-C:4, II.  Additionally, the trial court must consider any special circumstances "in light of the best interests of the child."  RSA 458-C:5, I.

RSA 458-C:5, I(h) expressly identifies the parties' parenting schedule as a special circumstance, but provides that "[e]qual or approximately equal parenting residential responsibilities . . . shall not by itself constitute ground for an adjustment."  RSA 458-C:5, I(h)(1).  In considering adjustments to the

application of the child support guidelines based upon the parties' parenting schedule, the court may consider three factors:

> (A) Whether, in cases of equal or approximately equal residential responsibility, the parties have agreed to the specific apportionment of variable expenses for the children, including but not limited to education, school supplies, day care, after school, vacation and summer care, extracurricular activities, clothing, health care coverage costs and uninsured health care costs, and other child-related expenses.

> (B) Whether the obligor parent has established that the equal or approximately equal residential responsibility will result in a reduction of any of the fixed costs of child rearing incurred by the obligee parent.

> (C) Whether the income of the lower earning parent enables that parent to meet the costs of child rearing in a similar or approximately equal style to that of the other parent.

RSA 458-C:5, I(h)(2)(A)-(C).

Here, the parties agreed to a "shared schedule of parenting time," but disagreed as to the amount of monthly child support the father should pay to support the parties' two children. The mother sought an order requiring the father to pay the full guidelines amount, while the father proposed to pay $200 toward the children's extracurricular activities. The children's extracurricular activities and related expenses were the source of ongoing conflict between the parties.

The trial court found that the father had a monthly income of $7,028, the mother had a monthly income of $5,865, and the father's obligation under the child support guidelines would be $1,399 per month. The court, however, ordered that the father pay $800 per month in child support. In the Uniform Support Order, the trial court identified the special circumstances warranting an adjustment from the guidelines as the parties' "shared parenting and equal ability to provide for the children in each home."

In an accompanying narrative order, the trial court stated that the mother "shall pay the cost of the children's extracurricular activities up to a maximum of $200 per month," and that the parties would equally share any cost exceeding $200. The trial court determined that, after deducting the $200 of extracurricular expenses from the $800 of support, the mother would have $600 remaining in child support. Combined with her income, she would be left with a total of $6,465 to support the children while they are in her care, while the husband would have $6,228 per month to support the children while in his

care. The trial court further noted that, even though the mother would be left with $237 more per month than the father, the mother "pays state income tax and must contribute to her pension, so the parties will have a nearly equal ability to provide the children with similar lifestyles in their respective homes."

The mother first argues that the trial court erred in deviating from the child support guidelines when it apportioned $200 of the father's child support for extracurricular activities and ordered the parties to split the cost of such activities that exceed $200. She contends that RSA 458-C:5, I(h)(2)(A) permits the court to deviate from the child support guidelines based upon equal parenting time only when the parties <u>agree</u> on the apportionment of variable expenses. She argues that, because the parties here disagree as to the apportionment of extracurricular expenses, the amount of support under the guidelines must apply.

We have held that "extracurricular activity expenses fall into the same category of basic support as food, shelter and recreation, and as such are included in the parties' total support obligation under the guidelines." <u>In the Matter of Donovan and Donovan</u>, 152 N.H. 55, 60 (2005). However, the trial court may deviate from the guidelines when there are special circumstances relating to extracurricular activities that warrant such a deviation. <u>See id</u>.; <u>see also</u> <u>In the Matter of Hoyt and Hoyt</u>, 171 N.H. 373, 380 (2018) (upholding the trial court's upward deviation from the guidelines based upon the "extraordinary costs" relating to the youngest child's after school activities).

Here, the trial court's order does not specifically state that it relied upon RSA 458-C:5, I(h)(2)(A) as the basis for its apportionment of the extracurricular expenses. Nor does it identify any other basis for its apportionment of the expenses. While the record demonstrates that the parties could not reach an agreement on their children's extracurricular activities or the costs relating to those activities, the trial court did not make factual findings pertaining to the extracurricular expenses or explain why its deviation from the guidelines is necessary to avoid an unjust or improper result. In fact, the trial court's order does not mention the parties' dispute; it only notes the father's proposal to pay $200 of the extracurricular expenses, which, by itself, does not provide a basis under the statute to support the deviation. Thus, in the absence of written findings to support its apportionment of the extracurricular expenses, we cannot determine whether such a deviation from the guidelines was proper. Accordingly, we vacate and remand the child support award to allow the trial court to make written findings to support its determination.

Although the trial court did not identify a basis for its apportionment of extracurricular expenses, it implicitly relied upon the third factor under RSA 458-C:5, I(h)(2) to justify its $800 child support award. <u>See</u> RSA 458-C:5, I(h)(2)(C). The mother argues that the trial court failed to make sufficient

3

factual findings to show that the parties' equalized incomes allowed the mother to provide the children with a similar lifestyle to that of the father.

Because the trial court relied upon its apportionment of the extracurricular activities in determining its award of $800 per month, we must also vacate and remand this award. Although the trial court determined that the award would provide the parties with an approximately equal income, it did not make findings that demonstrate that the mother's income will allow her to meet "the costs of child rearing in a similar or approximately equal style to that of" the father. Id.; see Silva, 171 N.H. at 8. For example, the trial court did not set forth findings regarding either party's monthly expenses or the costs of child care, nor did it make any determination that the parties' income was sufficiently similar, in light of their respective expenses and costs, such that they each could provide for the children in an approximately equal style. See Silva, 171 N.H. at 8. Accordingly, on remand, the trial court should make written findings that demonstrate that the mother's income, with the added child support amount, would allow her to cover the costs of child care in a similar or approximately equal style to that of the father.

Vacated and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4